DEBRA W. YANG
United States Attorney
JACQUELINE CHOOLJIAN
Assistant United States Attorney
Chief, Criminal Division
WILLIAM C. BOTTGER, JR.
Assistant United States Attorney
(Cal. State Bar # 50162)
1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2475
Facsimile: (213) 894-3713

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT
OCT - 1 2002
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, Plaintiff,

v.

CLINT JAMES REUTER Defendant.

No. CR 02-781-GHK

PLEA AGREEMENT FOR DEFENDANT CLINT JAMES REUTER

1. This constitutes the plea agreement between Clint James Reuter ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

PLEA

2. Defendant agrees to waive indictment and plead guilty to the single count of a First Superseding Information in the form attached to this agreement or a substantially similar form.

ENTERED ON ICMS
OCT - 8 2002

37

NATURE OF THE OFFENSE

3. In order for defendant to be guilty of the single count of the First Superseding Information, which charges a violations of Title 18, United States Code, Section 2422(b), the following must be true: (1) defendant intended to persuade, induce, or entice a minor, or a person whom defendant believed to be a minor, to engage in a sexual act; (2) the sexual act is one that is illegal under California law, namely, any lewd act between a child of 14 or 15 years and a person at least 10 years older than such child, in violation of California Penal Code § 288(c); (3) defendant did something that was a substantial step toward persuading, inducing, or enticing a minor to engage in an illegal sexual act; and (4) defendant used a facility or means of interstate commerce, specifically the Internet and the telephone. Defendant admits that defendant is, in fact, guilty of this offense as described in count one of the indictment.

PENALTIES

4. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2422(b), as charged in the one-count indictment, is: 15 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $100.

5. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any

supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above. Defendant understands that as a condition of supervised release, defendant will be required to register as a sex offender.

FACTUAL BASIS

6. Defendant and the USAO agree and stipulate to the following statement of facts: Approximately during the month of June 2001, defendant communicated through the internet by "instant message" and e-mail with a 15 year old girl (hereinafter "victim"). Defendant was born on September 9, 1970 and at all times relevant was thirty (30) years old. Victim was born on October 29, 1985 and at all times relevant was fifteen (15) years old. In the course of his communications with victim, defendant included references to sex and discussion of sex in an attempt to persuade, induce and entice victim to engage in sexual intercourse with him, which is chargeable under California Penal Code Section 288(c). After several weeks of communication over the internet, defendant persuaded victim to exchange telephone numbers with him, and he and victim then began to communicate by telephone, as well as through the internet, as defendant continued to persuade, induce and entice victim to engage in sexual intercourse with him.

In or around July 2001 defendant invited victim to go out with him on a "date" and she accepted. Defendant picked victim up in his black 300 SL Mercedes Benz car in front of the apartment building at which she resided with her parents in Los

Angeles and drove her to his apartment on North Rossmore Avenue in Hollywood. There, they watched a movie and defendant engaged in kissing and other foreplay with victim until victim made him stop. Defendant then drove victim back to the location at which she resided with her parents.

Approximately two to three weeks later defendant invited victim out on another "date." Again defendant picked victim up in his Mercedes Benz car outside the apartment building in Los Angeles at which she resided with her parents and drove her again to his apartment in Hollywood. Once in defendant's apartment defendant engaged in foreplay with victim and eventually induced her to orally copulate him and then have sexual intercourse with him. Upon the conclusion of their "date," defendant drove victim back to the location of her parent's residence in Los Angeles.

Approximately two weeks after their second "date," defendant again invited victim for a third "date," and again picked her up outside her parent's residence and drove her to his Hollywood apartment. Defendant then again induced victim to orally copulate him and have sexual intercourse with him. At the end of this "date" defendant drove victim back to the location of her parent's residence. Defendant and victim had no direct communications with one another after this third "date."

On July 12, 2002 a search warrant was executed at the then residence of defendant at 10818 Blix Street, Apartment 2, North Hollywood, California. During the execution of that search warrant defendant voluntarily remained at the location and made the following admissions: He had during the previous year initially communicated with victim through the internet and

stated he believed she was sixteen years old at the time. He said that during their internet chats he would "throw out sexual innuendo to see where it goes." He further stated that he and victim talked about sex and he thought "it eventually would happen." He said he then met with her on "one or two occasions." He said that on those occasions, he picked her up near her residence and drove her to his apartment on North Rossmore Avenue in Hollywood where he "had sex" with her.

WAIVER OF CONSTITUTIONAL RIGHTS

7. By pleading guilty, defendant gives up the following rights:

a) The right to persist in a plea of not guilty.

b) The right to a speedy and public trial by jury.

c) The right to the assistance of counsel at trial, including, if defendant could not afford an attorney, the right to have the Court appoint one for defendant.

d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e) The right to confront and cross-examine witnesses against defendant.

f) The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

SENTENCING FACTORS

8. Defendant understands that the Court is required to consider and apply the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") but may depart from those guidelines under some circumstances.

9. Defendant and the USAO agree and stipulate to the following applicable sentencing guideline factors effective as of November 1, 2000:

| | | | |
|---|---|---|---|
| Base Offense Level | : | 18 | [U.S.S.G. § 2A3.2(a)(1)] |
| Specific Offense Characteristics | | | |
| (Unduly influenced victim to engage in prohibited sexual conduct) | : | +2 | [U.S.S.G. § 2A3.2(b)(2)(B)] |
| (Computer was used) | : | +2 | [U.S.S.G. § 2A3.2(b)(3)(A)] |
| Total | : | 22 | |

Defendant and the USAO agree that no additional specific offense characteristics, adjustments and departures are appropriate. Moreover, defendant understands that defendant's base offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. In the event that defendant's offense level is so altered, the parties are not bound by the base offense level stipulated to above.

10. There is no agreement as to defendant's criminal

history or criminal history category.

11. The stipulations in this agreement do not bind either the United States Probation Office or the Court. The Court will determine the facts and calculations relevant to sentencing. Both defendant and the USAO are free to: (a) supplement the facts stipulated to in this agreement by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's sentencing calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 9 are consistent with the facts of this case.

DEFENDANT'S OBLIGATIONS

12. Defendant agrees:

a) To plead guilty as set forth in this agreement.

b) To not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

c) To not knowingly and willfully fail to: (i) appear as ordered for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

d) Not to commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

e) To not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f) To pay the applicable special assessment at or

before the time of sentencing unless defendant lacks the ability to pay.

THE USAO'S OBLIGATIONS

13. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

a) To abide by all sentencing stipulations contained in this agreement.

b) At the time of sentencing to move to dismiss the underlying indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed count in determining where within the applicable Sentencing Guidelines range the sentence should fall.

c) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level, pursuant to U.S.S.G. § 3E1.1, and an additional one-level reduction, if available under that section.

BREACH OF AGREEMENT

14. If defendant, at any time between the execution of this agreement and defendant's sentencing on a non-custodial sentence or surrender for service on a custodial sentence, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, defendant will not be able to withdraw defendant's guilty plea, and the USAO will be

relieved of all of its obligations under this agreement.

15. Following a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a) Defendant agrees that the applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the USAO's discovery of any knowing and willful breach by defendant.

b) Defendant gives up all defenses based on the statute of limitations, any claim of preindictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing of this agreement.

LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

16. Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, (b) the Court does not depart upward in offense level or criminal history category, and (c) the Court determines that the total offense level is 19 or below and imposes a sentence within the range corresponding to the determined total offense level. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines,

sentencing statutes, or statutes of conviction.

17. The USAO gives up its right to appeal the Court's Sentencing Guidelines calculations, provided that (a) the Court does not depart downward in offense level or criminal history category and (b) the Court determines that the total offense level is 19 or above.

SCOPE OF AGREEMENT

18. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

19. This agreement applies only to crimes committed by defendant, has no effect on any proceedings against defendant not expressly mentioned herein, and shall not preclude any past, present, or future forfeiture actions.

NO ADDITIONAL AGREEMENTS

20. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing

signed by all parties or on the record in court.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

DEBRA W. YANG
United States Attorney

WILLIAM C. BOTTGER, JR. — Date: October 1, 2002
Assistant United States Attorney
Major Crimes Section

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

CLINT JAMES REUTER — Date: 10-1-2002
Defendant

I am Clint James Reuter's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible

defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

DONALD C. RANDOLPH
Counsel for Defendant
CLINT JAMES REUTER

10/1/02
Date

**CERTIFICATE OF SERVICE**

I, WILLIAM C. BOTTGER, JR., declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action; That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**PLEA AGREEMENT FOR DEFENDANT CLINT JAMES REUTER**

service was:

[ ] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[ ] Placed in a sealed envelope for collection and mailing via U.S. Mail, addressed as follows:

[ x ] By hand delivery to:

[ ] By facsimile as follows:

[ ] By messenger as follows:

[ ] By federal express as follows:

**DONALD C. RANDOLPH, ESQ.**

This Certificate is executed on October 1, 2002, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

WILLIAM C. BOTTGER, JR